UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
                Plaintiff,

      v.                                                Case No. 12-CR-077

FRANCIS G. GRADY,
                Defendant.

## UNITED STATES OF AMERICA'S MOTION IN LIMINE

      The United States of America, by its Attorneys James L. Santelle, the United States Attorney for the Eastern District of Wisconsin, and William J. Roach, Assistant United States Attorney for said district, respectfully requests the Court to enter the following orders:

      1. Preclude the defendant from asserting before the jury or introducing any evidence of the defenses of justification, necessity, duress or defense of others.

      Upon information and belief, the defendant will testify at trial and may claim that he committed the arson because of the need to stop medical staff from providing abortions or services related to abortions. Such testimony might be offered under the theory of defense of justification, necessity, duress or defense of others. The government moves this Court to preclude such testimony. A district court may deny a defendant the ability to introduce evidence supporting an affirmative defense, like necessity, via a pre-trial motion in limine if the facts proffered by the defendant to support the defense are insufficient as a matter of law to meet the minimum standard as to each of the elements. *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002).

The affirmative defenses of justification, necessity, duress and self-defense have been described as interchangeably lumped together under the rubric of the justification defense. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996). A defendant claiming justification must show that he: (1) was under unlawful or present threat of death or serious bodily injury; (2) did not recklessly place himself in a situation where he would be forced to engage in criminal conduct; (3) had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. *United States v. Salgado-Ocampo* 159 F.3d 322, 326 (7th Cir. 1998). Citing other appellate court decisions, the *Salgado-Ocampo* court noted that it is extremely difficult for defendants to establish the imminent danger required to support a justification defense. *Id*.

The defense of necessity requires a showing that the defendant "acted under threats or conditions that a person of ordinary firmness would have been unable to resist, or if he reasonably believed that criminal action was necessary to avoid a harm more serious than that sought to be prevented by the statute defining the offense." *United States v. Sahakian*, 453 F.3d 905, 908 ftn 7. (7th Cir 2006). Again, the key to this defense is the defendant's belief of an imminent threat of death or serious bodily harm to himself. *Tokash* at 969. .

Moreover, the defense may only be presented to a jury where the defendant establishes that there are no "reasonable, legal alternative to violating the law." *Id*. *See also United States v. Turner*, 44 F.3d 900, 902 (10th Cir. 1995). In *Turner*, the defendant was charged with obstruction of a federal court order that limited her contact with abortion clinics. The court precluded her necessity defense because, among other reasons, there were ample lawful activities

2

she could undertake to further her views without violating the law, such as protest peacefully. As stated by the court, "To allow the personal, ethical, moral, or religious beliefs of a person, no matter how sincere or well-intended, as a justification for criminal activity aimed at preventing a law-abiding citizen from exercising her legal and constitutional rights, would not only lead to chaos but would be tantamount to sanctioning anarchy." *Id*. at 903. *See also Zal v. Steppe*, 968 F.2d 924, 928 (9th Cir. 1992) (necessity defense rejected since abortions were legal conduct and therefore no imminent harm).

Like justification and necessity, the defense of duress has a requirement that the defendant acted under a threat of a greater immediate harm that could only be avoided by committing the crime charged. *United States v. Sawyer*, 558 F.3d 705, 712 (7th Cir 2009). A generalized fear or apprehension of danger to himself or a third party is insufficient. *United States v. Stevens*, 985 F.2d 1175, 1182 (2nd Cir. 1993). The defendant must also have no reasonable alternative to violating the law. *Sawyer* at 712.

The defendant in this case cannot establish that he was subject to an imminent threat of death or serious bodily harm. His apparent defense of another based on the belief that pregnancies would be terminated the next or subsequent days equally does not meet the required elements to support any of these defenses. Assuming that the abortions are a harm, to allow force to prevent harms contemplated to occur days, weeks or months in the future stretches the bounds of imminence and immediate necessity beyond the breaking point. Moreover, the defendant fails to establish that there are not legal means through which to advocate his position on abortion. This court should preclude as a matter of law any arguments or testimony related to these defenses.

3

2. Pursuant to Federal Rules of Evidence 401-403, preclude the defendant from introducing evidence of or arguing his reasons for opposing abortion.

Evidence or argument about the defendant's personal, moral, political, or religious beliefs motivating his anti-abortion view; the experiences of former abortion patients or of medical personnel regarding abortion; medical, scientific or other evidence or testimony regarding prenatal development and abortion procedures and practices; and any other related views or arguments motivating the defendants actions as alleged in the indictment are not relevant.

Undoubtably, there will be some testimony at trial that the defendant holds an anti-abortion view. The government alleges that the defendant's motive for damaging the property at the Planned Parenthood business was because he believed they performed abortions at that location. And one element of the FACE charge is that the defendant damaged the Planned Parenthood building because the facility provided reproductive health services.

But that doesn't mean the trial should turn into a debate about the merits of abortion. It is not the defendant's views but rather his conduct that resulted in this prosecution. Allowing such testimony beyond that offered by the government and required by statute will only encourage the jury to disregard the law and decide the case on irrelevant views and opinions.

3. Pursuant to FRCP Rule 401, preclude the defendant from testifying about his willingness to cooperate with the police concerning drug and gun trafficking.

Lastly, the government moves to preclude the defendant from testifying concerning drug or gun traffickers. When he was interviewed by law enforcement about the alleged offenses, the defendant told law enforcement about gun and drug dealers that were operating in the general

4

area and expressed a willingness to help in their arrest. Such testimony is irrelevant to the pending charges and should not be admitted.

Respectfully submitted this 5th day of July, 2012, at Green Bay, Wisconsin.

James L. Santelle
United States Attorney


By:

s/William J. Roach
Assistant United States Attorney
William J. Roach Bar Number: 1018756
Attorney for Plaintiff
Office of the United States Attorney
Eastern District of Wisconsin
205 Doty Street, Suite 301
Green Bay, Wisconsin 54301
Telephone: (920) 884-1067
Fax: (920) 884-2997
E-Mail: william.j.roach@usdoj.gov