UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.                                    Case No. 12-CR-77

FRANCIS G. GRADY,

                    Defendant.

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

          Francis Grady, by counsel, now requests the following jury instructions at trial. Grady reserves the right to add additional standard or substantive instructions, and to withdraw, supplement, or modify these proposed instructions as the evidence and trial rulings may require.

     A.     **Standard Jury Instructions.**

          Grady requests the following standard instructions from the 1999 Seventh Circuit Criminal Jury Instructions manual. A copy of each instruction is attached.

          1.01    Functions of Court and Jury

          1.02    The Evidence

          1.03    Testimony of Witnesses (Deciding What to Believe)

          1.04    Weighing Evidence:  Inferences

          1.05    Definitions of "Direct" and "Circumstantial" Evidence

          1.06    What is Not Evidence

1.09    Number of Witnesses

2.01    The Charge

2.03    Presumption of Innocence — Burden of Proof

3.01    Failure of Defendant to Testify (if appropriate)

3.02    Defendant's Post-Arrest Statement

3.04    Proof of Other Crimes or Acts (if appropriate)

3.05    Impeachment of Defendant – Convictions (if appropriate)

3.09    Prior inconsistent statements by a Witness (if appropriate)

3.11    Impeachment of a Witness — Convictions (if appropriate)

7.01    Selection of Foreperson – General Verdict

7.05    Communication with Court

7.06    Disagreement Among Jurors


**B.    Special Jury Instructions.**

Grady also requests the accompanying jury instructions which are specific to this case. A copy of each instruction is attached.

4.01    Arson

4.01    Freedom of Access to Clinic Entrance Act: Damage to Facility

- - -    Defending Only the Indictment


**C.    Theory of Defense**

Grady reserves the right to file a theory of defense instruction (if necessary) as the evidence and/or trial rulings may suggest.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Dated at Green Bay, Wisconsin, this 5th day of July, 2012.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel: 920-430-9900
Fax: 920-430-9901
tom_phillip@fd.org

N:\Cases-Open\G-H\Grady, Francis - 12-049\Trial\Jury Instrux FINAL.wpd

## 1.01 THE FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I saw now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**Authority:**  § 1.01, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 1.02 THE EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].

[I have taken judicial notice of certain facts that may be regarded as matters of common knowledge. You may accept those facts as proved, but you are not required to do so.]

**Authority:** § 1.02, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 1.03 TESTIMONY OF WITNESSES
## (DECIDING WHAT TO BELIEVE)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

[-      the witness's age;]

-      the witness's intelligence;

-      the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-      the witness's memory;

-      Any interest, bias, or prejudice the witness may have;

-      the reasonableness of the witness's testimony in light of all the evidence in the case.

[You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.]


**Authority:** § 1.03, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 1.04 WEIGHING THE EVIDENCE - INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

**Authority:**   § 1.04, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 1.05 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

**Authority:**   § 1.05, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

# 1.06 WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

First, testimony [and exhibits] that I struck from the record, or that I told you to disregard, is [are] not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**Authority:** § 1.06, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

### 1.09 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

**Authority:**   § 1.09, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 2.01 THE CHARGE - THE INDICTMENT

The indictment in this case is the formal method of accusing the defendant of an offense and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

The defendant is charged with the offenses of assault and robbery. The defendant has pleaded not guilty to the charges.

**Authority:**  § 2.01, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 2.03 PRESUMPTION OF INNOCENCE -
## BURDEN OF PROOF

The defendant is presumed to be innocent of the charge. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

**Authority:**   § 2.03, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 3.01 FAILURE OF DEFENDANT TO TESTIFY

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

**Authority:**  § 3.01, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 3.02 DEFENDANT'S POST-ARREST STATEMENT

You have received evidence of a statement said to be made by the defendant to _____. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant [himself/herself] and the circumstances under which the statement was made.

[You may not consider this statement as evidence against any defendant other than the one who made it.]

**Authority:** § 3.02, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 3.04 PROOF OF OTHER CRIMES OR ACTS

You have heard evidence of acts of the defendant other than those charged in the indictment. You may consider this evidence only on the question of _____. You should consider this evidence only for this limited purpose.

**Authority:** § 3.04, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 3.05 IMPEACHMENT OF DEFENDANT - CONVICTIONS

You have heard evidence that the defendant has been convicted of a crime. You may consider this evidence only in deciding whether the defendant's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose. A conviction of another crime is not evidence of the defendant's guilt of any crime for which the defendant is now charged.

**Authority:** § 3.05, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

**3.09 PRIOR INCONSISTENT STATEMENTS - WITNESSES**

You have heard evidence that before the trial [a] witness[es] made [a] statement[s] that may be inconsistent with the witness[es]'s testimony here in court. If you find that it is inconsistent, you may consider the earlier statement [only] in deciding the truthfulness and accuracy of that witness's testimony in this trial. [You may not use it as evidence of the truth of the matters contained in that prior statement.] [If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.]

**Authority:**   § 3.09, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 3.11 IMPEACHMENT OF WITNESS - CONVICTIONS

You have heard evidence that _____ has been convicted of a crime. You may consider this evidence only in deciding whether _____'s testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

**Authority:**   § 3.11, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 7.01 SELECTION OF FOREPERSON - GENERAL VERDICT

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in, date, and sign the appropriate form.)

**Authority:** § 7.01, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

## 7.05 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the marshal.

**Authority:** § 7.05, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

# 7.06 DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to decide whether the government has proved its case beyond a reasonable doubt.

**Authority:**   § 7.06, SEVENTH CIRCUIT FEDERAL JURY INSTRUCTIONS CRIMINAL (1999)

**ARSON OF PROPERTY USED IN OR AFFECTING**

**INTERSTATE COMMERCE (No Personal Injury Involved)**

The crime of arson as charged in Count One of the indictment has three elements, which are:

*One*, the defendant damaged the Planned Parenthood building by fire on April 1, 2012;

*Two*, the defendant did so maliciously;

*Three*, at the time of the fire the Planned Parenthood building was used in interstate commerce.

The term "maliciously" as used in this instruction means to intentionally cause damage without just cause or reason.

The term "used in an activity affecting interstate commerce" means active use of the property for commercial purposes and not a passive, passing or past connection to commerce. [You may find an effect on interstate commerce has been proven if you find from the evidence beyond a reasonable doubt: (describe government's evidence at trial of effect on interstate or foreign commerce, *e.g.*, that the building was used as rental property.)]

**Authority:** § 6.18.844, MANUAL OF MODEL CRIMINAL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE EIGHTH CIRCUIT, prepared by Judicial Committee on Model Jury Instructions for the Eighth Circuit (2011 Edition).

## 4.01 FREEDOM OF ACCESS TO REPRODUCTIVE-HEALTH SERVICES: DAMAGE TO A FACILITY
## 18 U.S.C. § 248(a)(3)

It is a Federal crime for anyone to intentionally damage a facility because the facility provides reproductive-health services.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt;

(1)     the Defendant intentionally damaged the facility described in the indictment; and

(2)     the Defendant did so knowingly and because the facility was being used to provide reproductive-health services.

A "facility" is a hospital, clinic, physician's office, or other facility that provides reproductive-health services. It includes the building or structure in which the facility is located.

"Reproductive-health services" are medical, surgical, counseling, or referral services relating to the human reproductive system – including services relating to pregnancy or the termination of a pregnancy – provided in a hospital, clinic, physician's office, or other facility.

**Authority:** § 10.2, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), (2010).

# DEFENDING ONLY THE INDICTMENT

The defendant is not on trial for any act or conduct not alleged in the Indictment.

**AUTHORITIES:** 1 Devitt & Blackmar §12.09 (4th ed. 1990); *United States v. James E. Johnson*, Case No. 97-CR-211 (E.D. Wis. 1998) (Clevert, J.); *United States v. Mercado*, Case No. 93-CR-116 (E.D. Wis. 1994) (Warren, J.); *United States v. Lamon*, No. 89-CR-134 (E.D. Wis. 1989); *United States v. Ehrlich*, No. 85-CR-77 (E.D. Wis. 1985); *United States v. Machi*, No. 85-CR-114 (E.D. Wis. 1985); *United States v. Matta*, No. 82-CR-20 (E.D. Wis. 1982); *United States v. Kramer*, No. 81-CR-106 (E.D. Wis. 1982); *United States v. Linton*, No. CR-R-80-24-ECR (D. Nev. 1981); *United States v. Sanapaw*, No. 02-CR-242 (E.D. Wis. 2003)(Griesbach, J.).