UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 12-CR-77

FRANCIS G. GRADY,

        Defendant.

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

**A. Introduction**

        Francis Grady, by counsel, hereby submits the following proposed questions for the Court to use during voir dire. Counsel presents these questions not as an exhaustive list, but rather as a starting point. Counsel respectfully suggests that the Court ask these questions and any further questions about the same issues that the Court believes appropriate.

**B. Alcohol and/or Drug Use**

1. You will hear evidence that the defendant in this case was consuming alcohol on the day in question. Do you drink alcohol?

2. Do you believe that drinking alcohol is wrong? If so, what is your basis for that belief?

3. Will you discredit a witness' testimony because that witness was drinking alcohol?

4. Will you draw conclusions one way or the other based on a witness' use of alcohol? What would those conclusions be?

5. Will you only believe sober witnesses?

6. You will likely hear evidence that the defendant had used alcohol and perhaps other drugs. If you hear evidence that the defendant had used either of those substances, will that make you more likely to convict him of this charge? Put another way, will you hold it against Francis Grady if you hear evidence that he drank or used drugs? If so, why?

7. Are you a member of any organizations whose purpose is to advocate for tougher penalties against drinking or drug use, such as "Mothers Against Drunk Driving (MADD)?"

8. Are you a member of any advocacy organization that argues for increased penalties for drug users?

9. Will allegations of drug use change your opinion about this case? How will those allegations affect your ability to sit as a juror?

C. **Arson**

1. The specific charge in this case is arson of a building. The central issue in the case is "Did Francis Grady maliciously damage a building by fire?" Does the fact that the charge in this case is arson cause you to favor one side or the other?

2. Are you related to or friends with any person who was involved in an arson? How would that affect your ability to serve as a juror on this case?

D. **Criminal Records**

1. Would you believe a witness with a criminal record more or less than a witness without a criminal record?

E. **Inconsistent Testimony**

1. Do you believe that a witness cannot be inconsistent in their testimony?

2. Would you believe a witness with a criminal record more or less than a witness without a criminal record?

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

F. **Instructions from the Court**

   1. The Court will instruct you on the law you must follow when deliberating over this case. Will you be able to follow the Court's instructions as they are given?

   2. Would you go along with others in order to simply reach a verdict, even if you actually disagree with that verdict?

   3. Could you fairly and impartially hear this case even though the defendant is charged with arson?

   4. Would you be able to return a verdict of "not guilty" in an arson case? Why couldn't you?

   5. Are you aware that the defendant, Francis Grady, is innocent until proven guilty? What does that phrase mean to you?

   6. Does the phrase "innocent until proven guilty" mean the same thing to you today as it meant to you before you received your summons for jury duty? How has that phrase taken on a different meaning for you as a potential juror?

   7. Do you believe that because Francis Grady is charged with arson that he must indeed be guilty of arson?

   8. Do you believe that Francis Grady must be guilty of something, or else why would he be here? What makes you think that?

9. Would you require Francis Grady to prove his innocence? If the Constitution does not require that, why would you?

10. If Francis Grady testifies, would you find him less believable because he is the defendant?

11. If Francis Grady does not testify, will you hold that against him?

12. Will you believe law enforcement witnesses over citizen witnesses?

13. Sight unseen, will you give more credit to witnesses simply because they are called by the prosecutor? Why do you think prosecution witnesses would be more reliable?

14. Will you discredit defense witnesses simply because they are called by the defense? Why would you think defense witnesses are less reliable?

15. Do you believe that a defendant must testify in order to prove his innocence?

16. Would you be able to find the defendant not guilty if he does not testify?

17. Would you require Francis Grady to testify before you could return a verdict of not guilty? Why would you require his testimony?

## G. Conclusion

Counsel for Grady reserves the right to add, subtract, or modify questions on the above proposed list prior to trial. Counsel for Grady also respectfully requests the ability to submit follow-up questions to the Court upon hearing the venire members' responses to the Court's questions.

Dated at Green Bay, Wisconsin, this 6th day of July, 2012.

Respectfully submitted,

Francis Grady, Defendant

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel: 920-430-9900
Fax: 920-430-9901
tom_phillip@fd.org

N:\Cases-Open\G-H\Grady, Francis - 12-049\Trial\Voir Dire FINAL.wpd