UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No. 12-CR-77

FRANCIS G. GRADY,

    Defendant.

**DEFENDANT'S RESPONSE TO
GOVERNMENT'S MOTION
IN LIMINE**

The defendant, by his attorney, hereby responds to the government's motion in limine, in which the government requests that the Court preclude the defendant from introducing a variety of testimony or argument. The government's motion should be denied.

The government first requests that the Court "preclude the defendant from asserting before the jury or introducing any evidence of the defenses of justification, necessity, duress or defense of others." Docket No. 32 at 1. This request is premature and speculative. At the final pretrial conference, counsel for Grady indicated that the defense would focus simply on the elements of the offenses. Counsel for Grady did not advance any defense involving justification, necessity,

duress or defense of others. As such, all of the cases cited by the government are inapposite. *Tokash*, for example, states that when the evidence proffered by the defendant is insufficient as a matter of law, the court can preclude a necessity defense. *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002). The defendant here has proffered no evidence via counsel supporting a necessity defense. Rather, the evidence that the government could believe supports such a defense may come from the defendant's videotaped statement. But that evidence will be advanced *by the government*, leaving counsel for Grady confused. The government will surely play Grady's videotaped statement, so does the government mean to preclude evidence and argument that will come from its own case-in-chief? Does the government mean to allow the video to be argued only one way, that way being theirs?

    Surely the government cannot mean to suggest that only it is allowed to present evidence and argument. Yet that is the position the government advances in the second part of its motion. The government requests that the Court "preclude the defendant from introducing evidence of or arguing his reasons for opposing abortion." Docket No. 32 at 4. The government's motion further states "[a]llowing such testimony *beyond that offered by the government* and required by statute will only encourage the jury to disregard the law and decide the case on irrelevant views and opinions." Docket No. 32 at 4 (emphasis supplied). Taken at its plain text, the government's motion suggests that the government, and only the government, is

allowed to offer testimony and argument on the facts and reasons why the defendant did what he did.

Testimony "beyond that offered by the government" is all the defendant has to offer. Fortunately, the defendant's right to testify in his own defense is of constitutional magnitude. Criminal defendants have the right to testify in their own behalf under the due process clause of the Fourteenth Amendment, the compulsory process clause of the Sixth Amendment, and the Fifth Amendment's privilege against self-incrimination. *See, e.g., Rock v. Arkansas*, 483 U.S. 44, 49-53 (1987). The defendant also has the Sixth Amendment right to counsel, and an obvious corollary to that right is the ability of counsel to argue on behalf of his client.

Grady has the right to trial by jury, and the right to testify. He wishes to exercise those rights and have his day in court. The government's motion in limine, however, attempts to prevent the exercise of those rights and to reserve for itself alone the ability to offer testimony, evidence, and argument. That position is unconstitutional. WHEREFORE, Grady respectfully requests that the Court deny the government's motion in limine.

Dated at Green Bay, Wisconsin, July 8, 2012.

Respectfully submitted,

<u>s/ Tom Phillip</u>
Tom Phillip, Bar #1023113
Attorney for Francis G. Grady
Federal Defender Services of Wisconsin, Inc.

801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel: 920-430-9900
Fax: 920-430-9901
E-mail: tom_phillip@fd.org

N:\Cases-Open\G-H\Grady, Francis - 12-049\Pre-Trial\Response to Limine.wpd