# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 12-CR-77

FRANCIS GERALD GRADY,

    Defendant.

## JURY INSTRUCTIONS

## PART I – EVALUATING THE EVIDENCE

### 1.01 FUNCTIONS OF THE COURT AND JURY

Members of the jury, you have seen and heard all the evidence and are about to hear the arguments of the attorneys. Now I will instruct you on the law. You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

### 1.02 THE EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

### 1.03 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

Case 1:12-cr-00077-WCG   Filed 07/09/12   Page 2 of 12   Document 40

You should judge the defendant's testimony in the same way that you judge the testimony of any other witness.

### 1.04 WEIGHING THE EVIDENCE – INFERENCES

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

### 1.05 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eyewitness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including the circumstantial evidence, should be considered by you in reaching your verdict.

### 1.06 WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

3

First, testimony and exhibits that I struck from the record, or that I told you to disregard, are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Fifth, your notes are not evidence. The purpose of the notes is to assist the juror who took the notes in refreshing his or her recollection. If the evidence, as you remember it, differs from another juror's notes, your memory is what counts.

### 1.07 ATTORNEY INTERVIEWING WITNESS

It is proper for an attorney to interview any witness in preparation for trial.

### 1.09 NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

4

### 3.02 DEFENDANT'S POST-ARREST STATEMENT

You have received evidence of a statement said to be made by the defendant to law enforcement after his arrest. You must decide whether the defendant did in fact make the statement. If you find that the defendant did make the statement, then you must decide what weight, if any, you feel the statement deserves. In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning the defendant [himself/herself] and the circumstances under which the statement was made.

### 3.05 IMPEACHMENT OF DEFENDANT - CONVICTIONS

You have heard evidence that a defendant has been convicted of a crime. You may consider this evidence only in deciding whether that defendant's testimony is truthful in whole, in part, or not at all. You may not consider it for any other purpose.

### 3.17 RECORDINGS/TRANSCRIPTS OF RECORDINGS

You have heard recorded conversations. These recorded conversations are proper evidence and you may consider them, just as any other evidence.

When the recordings were played during the trial, you were furnished transcripts of the recorded conversations prepared by government agents.

The recordings are the evidence, and the transcripts were provided to you only as a guide to help you follow as you listen to the recordings. The transcripts are not evidence of what was actually said or who said it. It is up to you to decide whether the transcripts correctly reflect what was said and who said it. If you noticed any difference between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if

5

after careful listening, you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

### 4.04 DATE OF CRIME CHARGED

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to that date but is not required to prove that the alleged offenses happened on that exact date.

### PART II – CHARGE – INDICTMENT

### 2.01 THE CHARGE – INDICTMENT

The indictment in this case is the formal method of accusing a defendant of an offense and placing a defendant on trial. It is not evidence against a defendant and does not create any inference of guilt.

You will be provided with copies of the indictment. You may refer to the indictment as you deliberate. Count One charges the defendant with the offense of Arson of a Building Used in Interstate Commerce on or about April 1, 2012 in violation of Title 18, United States Code, Section 844(i). Count Two charges the defendant with a violation of Freedom of Access to Clinic Entrance in violation of Title 18 United States Code, Sections 248(a)(3) and (b)(1).

The defendant has pled not guilty to the charges.

### 2.03 PRESUMPTION OF INNOCENCE – BURDEN OF PROOF

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome

6

unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

### 18 U.S.C. § 844(i)
### ARSON OF A BUILDING – ELEMENTS
### (COUNT ONE)

Count One charges the defendant with the offense of Arson of a Building. To sustain the charge of Count One, the government must prove the following elements beyond a reasonable doubt:

First, that the defendant attempted to damage or did damage, by means of fire, the property identified in the indictment; that is, Planned Parenthood, located in Grand Chute, Wisconsin;

Second, that the defendant did so maliciously; and

Third, that at the time of the fire, Planned Parenthood was used in interstate commerce or in any activity affecting interstate commerce.

The term "maliciously" as used in this instruction means to act intentionally or with deliberate disregard of the likelihood that damage or injury will result.

The phrase "used in any activity affecting interstate commerce" means that the property was used for commercial purposes that affected interstate commerce. You may find an effect on interstate commerce if you find that the business purchased medical and office supplies from outside the State of Wisconsin.

7

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty of the offense charged in Count One.

If, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of the offense charged in Count One.

## 18 U.S.C. § 248
## FREEDOM OF ACCESS TO CLINIC ENTRANCES (FACE) VIOLATION – ELEMENTS
## (COUNT TWO)

Count Two of the indictment charges the defendant with a FACE violation. To sustain the charge of Count Two, the government must prove the following elements beyond a reasonable doubt:

First, the defendant intentionally damaged the property identified in the indictment; and

Second, the defendant did so because the facility was being used to provide reproductive health services.

A "facility" is a hospital, clinic, physician's office, or other facility that provides reproductive-health services. It includes the building or structure in which the facility is located. "Reproductive-health services" are medical, surgical, counseling, or referral services relating to the human reproductive system- including services relating to pregnancy or the termination of a pregnancy- provided in a hospital, clinic, physician's office, or other facility.

## DEFENDING ONLY THE INDICTMENT

The defendant is not on trial for any act or conduct not alleged in the Indictment.

## PUNISHMENT

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the court and should not be considered by you in any way in arriving at the verdict as to any count.

## SEPARATE CONSIDERATION OF THE CHARGES

You should return a separate verdict as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to that defendant under any other count..

## [CLOSING ARGUMENTS]

# PART III – PROCEDURE FOR JURY DELIBERATION

### CLOSING

Now, members of the jury, the duties of counsel and the court have been performed. The case has been argued by counsel. The court has instructed you regarding the rules of law which should govern you in your deliberations. The time has now come when the great burden of reaching a just, fair, and conscientious decision of this case is to be thrown wholly upon you, the jurors selected for this important duty. You will not be swayed by sympathy, prejudice, or passion. You will be very careful and deliberate in weighing the evidence. I charge you to keep your duty steadfastly in mind and, as upright citizens, to render a just and true verdict.

### SELECTION OF FOREPERSON – GENERAL VERDICT

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A form on which you will indicate your verdict as to each count has been prepared for you.

[Form of verdicts read]

Take this form to the jury room, and when you have reached unanimous agreement on the verdicts, your foreperson will fill in the verdict you have agreed upon as to each count, date, and sign form.

## SEPARATE CONSIDERATION OF CHARGES
## SINGLE DEFENDANT
## MULTIPLE COUNTS

Each count of the indictment charges the defendant with having committed a separate offense. Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

## DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, and ~~as to any questions regarding the amount of the drug that you find it necessary to answer~~, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.

11

## COMMUNICATION WITH THE COURT

I do not anticipate that you will need to communicate with me. If you do, however, the only proper way is in writing, signed by the foreperson, or if he or she is unwilling to do so, by some other juror, and given to the bailiff.

## COMMUNICATION WITH OTHERS

You will note from the oath about to be taken by the bailiff that he too, as well as any other person, is forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person — not even to the court — how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.