UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.               Case No. 12-CR-77

FRANCIS G. GRADY,

    Defendant.

## SENTENCING MEMORANDUM

    Francis G. Grady, by counsel, submits this sentencing memorandum. Counsel for Grady requests that the Court impose a sentence below the mandatory minimum, as the five-year mandatory minimum sentence required by the arson statute as applied to Grady is contrary to the Eighth Amendment's ban on cruel and unusual punishment. In the alternative, counsel for Grady requests that the Court decline to follow the advisory guideline range and instead impose a sentence of the mandatory minimum five years.

**I. Introduction and Procedural History**

    Grady is charged with arson and with violating the federal access to clinic entrances act. Docket Nos. 1, 2, 9; 18 U.S.C. 844(i) and 248(a)(3) and (b)(1). The arson charge carries a maximum sentence of 20 years and a minimum sentence of

five years. 18 U.S.C. § 844(i). The access to clinic entrance charge is a misdemeanor and carries a one-year maximum penalty. 18 U.S.C. § 248(b)(1).

Grady made his initial appearance on April 4, 2012. Docket No. 5. At that time Grady was housed in the Outagamie County jail on a state probation hold, and he was therefore returned to state custody. *Id*. Grady's state probation was later revoked, and during the pendency of the federal case Grady has been housed in the Wisconsin prison system, first at Dodge Correctional and presently at the Wisconsin Resource Center. According to the Wisconsin Department of Corrections, Grady's state sentence will be complete on February 25, 2013 (PSR ¶54), though according to DOC procedure Grady actually will be released from state custody on February 19, 2013.

Grady also had pending state charges arising out of events occurring the same night as the federal prosecution. The state charges, however, have since been dismissed. *See* Outagamie County Case Nos. 12-CF-335, 12-CT-970, and 12-CM-411, *available at* wcca.wicourts.gov. Therefore, as of February 19, 2013, the instant federal prosecution will be Grady's only pending charge or sentence. All of his state court matters are otherwise complete.

Grady exercised his right to a jury trial in this federal case. He was convicted of both counts on July 9, 2012. Docket No. 38. Prior to sentencing, counsel moved for a competency examination, which the Court granted. Docket Nos. 51, 52.

State court counsel also had moved for a competency examination. *See* Outagamie County Case Nos. 12-CF-335, *available at* wcca.wicourts.gov. Rather than have two simultaneous reports, the parties agreed to use the state court competency report in the federal case. Dr. Pankiewicz of the Wisconsin Forensic Unit examined Grady and wrote a report (Docket No. 58) concluding that Grady was competent to proceed. Grady stipulated to that report in state court. Grady declined to stipulate in federal court, and the Court held a contested competency hearing on February 6, 2013. Docket No. 71. The Court found Grady competent to proceed. *Id.* On the same date the Court withheld ruling on Grady's request to represent himself and ordered the parties to submit short legal statements on the standard for self-representation. *Id.* The parties have done so. Docket Nos. 74 and 76.

The Pre-sentence Report is complete and filed with the Court. Docket No. 49. Based on an offense level of 32 and a criminal history category of VI, the PSR finds the advisory guideline imprisonment range to be 210-262 months (PSR ¶100), which equates to approximately 17½ - 22 years. Counsel for Grady objected to the PSR, arguing that Grady should receive a two-level reduction for acceptance of responsibility and also that Grady's criminal history category was substantially over-represented.

As for acceptance of responsibility, counsel's PSR objections argued that conviction by trial does not automatically preclude a defendant from receiving the

acceptance of responsibility reduction. *See* Application Note 2 to U.S.S.G. § 3E1.1. Grady admitted setting the fire on the date of his arrest and did the same during his trial testimony. He did not deny, frivolously or otherwise, his involvement in the case. Counsel also did not deny Grady's responsibility, but rather argued that Grady's actions did not evince the malicious intent required by the statute. The guideline and cases cited in counsel's PSR objection state that in rare instances a defendant can exercise his right to trial and still receive the reduction for acceptance of responsibility. This is one such case. As noted in the Addendum to the PSR, if the Court grants this objection the guideline range would become 168-210 months, or 14-17½ years.

As for criminal history category, counsel's PSR objection (found as an attachment to the PSR) argued that Grady's criminal history score substantially over-represents the seriousness of the defendant's criminal history. *See* U.S.S.G. § 4A1.3(b)(1). Counsel incorporates those arguments by reference here. In short, counsel argues that Grady's scoring convictions for operating after revocation, violation of a restraining order, bailjumping, failure to pay child support, and fake-name obstructing over-represent his criminal history by a total of six (6) points. Removing those six points would place Grady in criminal history category IV, rather than category VI as scored by the PSR.

Should the Court grant both objections, the offense level would be 30 and the criminal history category would be IV, resulting in an advisory guideline range of 135-168 months, or 11¼ - 14 years.

## II. Eighth Amendment Challenge

In *United States v. Hammond*, case no. 10-CR-60066, Oregon District Judge Michael Hogan (in what appears to have been his last decision before retirement) found the five-year mandatory minimum sentence under 18 U.S.C. § 844(f)(1) to be contrary to the Eighth Amendment's ban on cruel and unusual punishment. *See* Case No. 6:10-CR-60066-HO, District of Oregon, Eugene Division, *available at* www.pacer.gov. In so finding, Judge Hogan sentenced the defendants (a father and son) to incarceration of three months and a year-and-a-day, respectively, after their jury trial convictions for arson on federal land. *Id*. Judge Hogan did not issue a written decision. Not surprisingly, the government appealed. *See* Case No. 12-30337, 9th Circuit, *available at* https://ecf.ca9.uscourts.gov. Briefing is pending, and no decision has been rendered.

Grady is not charged under the same statutory section as the defendants in *Hammond*. They were charged with arson on federal land contrary to 18 U.S.C. § 844(f)(1). Grady is charged with arson of a building used in interstate commerce, contrary to 18 U.S.C. § 844(i). Though the statutory sections are different due to differing factual predicates, the penalty for each is the same — a mandatory

5

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

minimum of five years and a maximum of 20 years. The argument is also the same. As applied to Grady, the Eighth Amendment's prohibition on cruel and unusual punishments should prevent the categorical imposition of the mandatory minimum five-year sentence in this case.

The Constitution trumps a statute, and the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). The Eighth Amendment contains a narrow proportionality principle that applies to non-capital sentences, though successful challenges to the proportionality of particular sentences have been extremely rare. *Id*. at 20. Categorical mandatory minimum sentences are still subject to the Eighth Amendment. *Miller v. Alabama*, 132 S.Ct. 2455, 2463 (2012) (mandatory life-without-parole sentences for juveniles violate the Eighth Amendment). Punishment for a crime should be graduated and proportioned to both the offender and the offense. *Id.*

*Hammond* is not the only district court to have considered the issue that a mandatory minimum sentence would violate the Eighth Amendment. *United States v. C.R.*, 792 F.Supp.2d 343 (E.D.N.Y. 2011)(five-year mandatory minimum sentence for developmentally disabled defendant in child pornography case violates the Eighth Amendment); *United States v. Marshall*, 870 F.Supp.2d 489 (N.D.Ohio

2012)(five-year mandatory minimum sentence under 18 U.S.C. § 2252 may be unconstitutional, but the issue was not squarely before the court).

The mandatory minimum sentence in this case conflicts with 18 U.S.C. § 3553(a)'s command that the sentence be sufficient but not greater than necessary, and that the Court consider the nature and circumstances of the case along with the history and characteristics of the offender. It is clear that recent sentencing jurisprudence flows toward discretion and away from fixed points. *See, e.g., Rita v. United States*, 551 U.S. 338 (2007); *Gall v. United States*, 552 U.S. 38 (2007); *Kimbrough v. United States*, 552 U.S. 85 (2007). But aside from the district courts mentioned above, counsel is not aware that any Circuit Court has ruled on the issue of mandatory minimum sentences conflicting with § 3553(a).

In the instant case, the statutory five-year sentence is too long for the history and characteristics of the defendant.[1] Mr. Grady is mentally ill. He is competent while medicated, but even so, his thought process is less than rational, as shown severally by his behavior on the night of the events, by his behavior in court, and by his *pro se* filings. The statutory five-year sentence is also too long for the nature and circumstances of the offense. As noted at trial, the defendant purchased 47 cents worth of gasoline (a little over 1/10th of a gallon) and placed it into a common water bottle. Gov't. Trial Exhibit 9, Docket No. 39. Mr. Grady used

---

[1] The proposed guideline sentence is much longer; it is also greater than necessary. Counsel will address that argument separately.

the gasoline to start a fire at the Planned Parenthood clinic, causing only $650.00 in property damage. There was no personal injury and the fire burned itself out. Indeed, while the possibility of greater damage (to property or persons) certainly existed, Grady should be sentenced not on potential but rather on actuality. The five-year mandatory minimum in this case prevents the Court from providing the individual assessment of the defendant required by § 3553, and therefore the Court should decline to follow the penalty portion of the statute of conviction.

### III.    Sentencing Guidelines Arguments

Should the Court reject Grady's Eighth Amendment argument, it should also reject the advisory guideline range and sentence Grady to the mandatory minimum five-year sentence. As noted above, pending objections, Grady's guideline range is 210-262 months (PSR ¶100), which equates to approximately 17½ to 22 years. The statutory maximum is 21 years, so the guideline range exceeds even the Court's discretion.

Half of the guideline results from Grady's criminal history, which the PSR calculates to be Category VI. Grady's record can be seen as remarkable for its length, but it should also be notable for its mostly petty nature. Grady has two convictions of substance, those being a 2000 battery to a prisoner and a 2004 delivery of cocaine. PSR ¶¶50, 54. As noted in counsel's PSR objections, the remainder of Grady's scoring convictions are much less significant. Counsel is not arguing that

Grady's criminal history is irrelevant. Rather, counsel argues that the guidelines over-represent Grady's criminal history. That over-representation figures prominently in the current advisory guideline range and would result in a sentence that is greater than necessary to achieve the purposes of sentencing.

The other half of the guideline results from the applicable offense level. Grady's base offense level would be 24, but the PSR concludes that Grady is a career offender, so the offense level increases to 32. PSR ¶¶ 21, 27. The PSR applies no other increases or decreases, so the offense level remains at the point set by the career offender guideline. Again, the resulting advisory guideline range is 210-262 months (PSR ¶100), which equates to approximately 17½ to 22 years. That range far exceeds a sentence that would be just and proportional.

The career offender designation is a creature of the guidelines alone. As part of the guidelines, the Court is free to ignore it. *See generally United States v. Booker*, 543 U.S. 220 (2005). Without the career offender designation, Grady's guidelines are much nearer the statutory mandatory minimum of five years. For example, if counsel's over-representation argument is successful, Grady would be placed in criminal history category IV. If counsel's acceptance of responsibility argument is successful, Grady would be placed at offense level 22. The resulting guideline range would be 63-78 months, or approximately 5-6½ years. Though the Court must take several steps to get there, such a range more closely corresponds

to the statutory minimum sentence. Even without acceptance points, the advisory range at category IV without the career offender status would be 77-96 months (6½-8 years), which is still within striking distance of the mandatory minimum. These ranges correspond better to Grady's history and characteristics. They also correspond better to Grady's actions. The guideline range of 17½ to 22 years as currently calculated in the PSR triples or quadruples the five-year statutory minimum and would be entirely at odds with § 3553's parsimony and proportionality principles.

## IV. CONCLUSION

Counsel for Grady respectfully requests that the Court impose a sentence below the mandatory minimum, by finding that, as applied to Grady, the five-year mandatory minimum sentence from 18 U.S.C. § 844(i) violates the Eighth Amendment. In the alternative, counsel respectfully requests that the Court grant Grady's objections to the PSR, that the Court find that the advisory guideline range is greater than necessary, and that the Court impose a sentence no greater than five years.

Dated at Green Bay, Wisconsin, February 11, 2013.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Francis G. Grady
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301
Tel: 920-430-9900
Fax: 920-430-9901
E-mail:   tom_phillip@fd.org

N:\Cases-Open\G-H\Grady, Francis - 12-049\Sentencing\Sent memo FINAL.wpd